


IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY D. SPADONI, | ) | NO. 07-cv-5348 |
| Plaintiff | ) | |
| v. | ) | |
| EASTON AREA SCHOOL DISTRICT, | ) | |
| Defendant | ) | |

## COMPLAINT

AND NOW COMES, PLAINTIFF, GREGORY D. SPADONI, by and through his counsel Christopher T. Spadoni, Esq., and files this Complaint against Defendant, Easton Area School District whereof the following is a statement:

## PARTIES

1. Plaintiff, Gregory D. Spadoni, is an adult individual, citizen of Northampton County, Commonwealth of Pennsylvania, and the United States of America residing at 117 Morrison Avenue, Easton, Northampton County, Pennsylvania 18042.

2. Defendant, Easton Area School District is a body politic of the Commonwealth of Pennsylvania situate within Northampton County, Pennsylvania, having an administrative office at 811 Northampton Street, Easton, Northampton County, Pennsylvania 18042.

## JURISDICTION AND VENUE

3. The within action is brought pursuant to 38 U.S.C.A. §4301 et seq. (Uniform Services Employment and Reemployment Act of 1994 as amended) in that this is a civil action in which the

matter in controversy exceeds the sum of $75,000.00 and venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(a) based upon the fact that a substantial part of the events and omissions given rise to the claim occurred within this Judicial District.

## STATEMENT OF FACTS

4. Plaintiff, Gregory D. Spadoni, is currently and has been continuously employed as a school teacher within the Defendant, Easton Area School District from and after January of 1976 and at all times relevant herein, has been employed at a mathematics teacher at the Easton Area Middle School located at 12th and Northampton Streets, Easton, Northampton County, Pennsylvania 18042.

5. Plaintiff, Gregory D. Spadoni, in service to his country, has been a member of the United States Armed Services from and after June 25, 1970 which has resulted in numerous calls to <u>active</u> military service resulting in <u>mandated</u> absences of your Plaintiff from his employment with Defendant.

6. Plaintiff Gregory D. Spadoni, was called to active military duty on April 16, 2004 through March 30, 2005 being deployed at Guantanamo Bay, Cuba with the United States Military. Plaintiff was released from active military duty on March 30, 2005, his reason for separation being the completion of required active service, with numerous citations and awards made to your Plaintiff.

7. On numerous and repeated occasions, including in person contact, written inquiries, personal appearance at the Offices of Defendant, and appearances before the Easton Area School Board, Plaintiff, Gregory D. Spadoni has been denied earned benefits due and payable to your Plaintiff including, but not limited to, utilization of sick days, accumulation of sick days, accumulation of vacation days, contributions to Plaintiff's pension with the Pennsylvania School Employees Retirement System and the provision of medical insurance benefits to Plaintiff, Gregory

D. Spadoni, and his spouse, Pamela Spadoni.

8. Despite these numerous and repeated communications for the provision of earned benefits due to your Plaintiff, the provision of these earned benefits has been denied and continues to be denied by Defendant, Easton Area School District.

9. Upon Plaintiff's successful completion of his active military service as referenced at Guantanamo Bay, Cuba, Gregory D. Spadoni, immediately returned to his employment with the Defendant on April 4, 2005 and at all times relevant hereto, has successfully and competently performed all of the responsibilities and duties assigned to him. Additionally, Gregory D. Spadoni, has completed his active military service at Guantanamo Bay, Cuba with distinction and honor.

10. Prior to your Plaintiff's deployment to active military service on April 16, 2004, Roy Cortez, a member of the Defendant, Easton Area School Board, stated "He gets nothing, it's already been decided".

## COUNT I

## BREACH OF STATUTE

11. Plaintiff incorporates by reference herein, Paragraphs 1 through 10 of this Complaint as though the same were more fully set forth at length herein.

12. Section 1166.1 of the Pennsylvania Public School Code states:

> "A leave of absence for professional development shall be directly related to the professional responsibilities as determined by the Board of School Directors and shall be restricted to activities required by regulations of the State Board of Education and by the Laws of this Commonwealth for a professional certificate or commission to improve professional competency. All requests for a leave of absence for professional development shall be subject to review and authorization by the Board of School Directors, which shall have sole authority to <u>adopt and enforce policy</u> establishing the conditions for approval of such leave." (Emphasis supplied)

13. Despite the repeated requests of your Plaintiff, and upon the Defendant granting numerous leaves of absence <u>other</u> than to your Plaintiff, your Plaintiff did not receive a leave of absence as requested for his active military duties. In direct contravention of the Pennsylvania School Code, the Defendant, Easton Area School District has failed to adopt and enforce policy for such leaves of absence.

14. As a direct and proximate result of the Defendant violating the Pennsylvania School Code in not establishing and enforcing a policy for a leave of absence, Plaintiff has been injured and damaged by the loss of wages, the loss of vacation days, the loss sick days, the loss of pension contributions and the loss of medical insurance benefits.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to Order the following:

Enter judgment in favor of the Plaintiff and against the Defendant for the losses and damages set forth herein determined to have been sustained by your Plaintiff as a result of the Defendant's breach of its statutory duty plus costs together with interest and Plaintiff avers that the amount in controversy exceeds the sum of $75,000.00.

Plaintiff demands a Trial by Jury on all issues raised herein.

## COUNT II

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

15. Plaintiff incorporates by reference herein, Paragraphs 1 through 14 of this Complaint as though the same were more fully set forth at length herein.

16. Despite the repeated requests of your Plaintiff for the provision of earned benefits as set forth herein above, your Defendant has granted other similarly situated employees with leaves of

absence, all to the specific detriment and injury of your Plaintiff.

17. The actions of the Defendant, Easton Area School District constitute a breach of the covenant of good faith and fail dealing which Defendant owes to Plaintiff.

18. As a direct and proximate result of the Defendant violating the Pennsylvania School Code and specifically its lack of an established and enforced "policy" for a leave of absence, Plaintiff has been injured and damaged by the loss of wages, the loss of vacation days, the loss sick days, the loss of pension contributions and the loss of medical insurance benefits.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to Order the following:

Enter judgment in favor of the Plaintiff and against Defendant for the losses and damages determined to have been sustained by your Plaintiff as a result of the Defendant's breach of its statutory duty plus costs together with interest and Plaintiff avers that the amount in controversy exceeds the sum of $75,000.00.

Plaintiff demands a Trial by Jury on all issues raised herein.

## COUNT III

## VIOLATION OF PUBLIC POLICY AND FAIR DEALING

19. Plaintiff incorporates by reference herein, Paragraphs 1 through 18 of this Complaint as though the same were more fully set forth at length herein.

20. The Defendant's actions constitute a breach of public policy and fair dealing as the denial of earned benefits by Defendant to Plaintiff is a direct result of Plaintiff's <u>mandated</u> military service.

21. Plaintiff asserts and alleges that the wrongful conduct of the Defendant is in direct violation of public policy required of the Defendant and such conduct by the Defendant threatens the

security of this Nation and its residents.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to Order the following:

Enter judgment in favor of the Plaintiff and against Defendant for the injuries, losses and damages determined to have been sustained by your Plaintiff as a result of the Defendant's breach of its statutory duty plus costs together with interest and Plaintiff avers that the amount in controversy exceeds the sum of $75,000.00.

Plaintiff demands a Trial by Jury on all issues raised herein.

## COUNT IV

## BREACH OF USERRA / UNIFORM SERVICES EMPLOYMENT AND REEMPLOYMENT ACT OF 1994 AS AMENDED

22. Plaintiff incorporates by reference herein, Paragraphs 1 through 21 of this Complaint as though the same were more fully set forth at length herein.

23. The Uniform Services Employment and Reemployment Rights of Members of the Uniform Services (USERRA), 38 USCA §4301 et seq. sets forth at §4316 entitled <u>Rights Benefits and Obligations of Persons Absence From Employment for Service in a Uniformed Service</u> as follows:

a. A person who is reemployed under this Chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person has remained continuously employed.

b(1). Subject to Paragraphs 2 through 6, a person who is absent from a position of

employment by reason of service in a uniformed service, shall be (a) deemed to be on furlough or leave of absence while performing such service and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performed such service.

24. Defendant, Easton Area School District has specifically violated the Uniform Services Employment and Reemployment Rights Act of 1994, as amended by the denial of Plaintiff's earned benefits.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to Order the following:

Enter judgment in favor of the Plaintiff and against Defendant for the losses and damages determined to have been sustained by your Plaintiff as a result of the Defendant's breach of its statutory duty described herein plus costs together with interest and Plaintiff avers that the amount in controversy exceeds the sum of $75,000.00.

Plaintiff demands a Trial by Jury on all issues raised herein.

Respectfully submitted,

Christopher T. Spadoni, Esquire
Pa. I.D. NO. 24817
Attorney for Plaintiff, Gregory D. Spadoni
215 West Broad Street, P.O. Box 522
Bethlehem, Pennsylvania 18018
(610) 867-3938 FAX (610) 625-4788

## VERIFICATION

I, GREGORY D. SPADONI, verify that the statements made in this Complaint are true and correct upon my personal knowledge, information, and belief. I understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4094 relating to unsworn falsification to authorities.

DATE: 2/19/07

GREGORY D. SPADONI