

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY D. SPADONI : CIVIL ACTION
    Plaintiff, :
      :
 v.  :
      :
EASTON AREA SCHOOL DISTRICT : NO. 07-5348
    Defendant. :

**FILED**

MAY 23 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## <u>MEMORANDUM OPINION</u>

TIMOTHY R. RICE         May 22, 2008
U.S. MAGISTRATE JUDGE

Plaintiff Gregory Spadoni has been a school teacher since 1976, and was deployed to serve in our country's military forces at Guantanamo Bay, Cuba from April 16, 2004 to March 30, 2005.  <u>See</u> Complaint at ¶¶ 4-6.  He alleges defendant Easton Area School District ("EASD") denied him various earned fringe benefits while he was deployed in active military service.  <u>See</u> Complaint at ¶ 7-8.  Accordingly, he filed a complaint on December 19, 2007, alleging: (1) breach of statute ("count I"); (2) breach of good faith and fair dealing ("count II"); (3) violation of public policy and fair dealing ("count III"); and (4) breach of 38 U.S.C.A. § 4301 et seq., the Uniform Services Employment and Reemployment Rights of Members of the Uniform Services ("count IV").  <u>See</u> Complaint.

EASD filed a partial motion to dismiss Spadoni's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) on February 20, 2008.  EASD alleges count I, count II, and count III should be dismissed under Rule 12(b)(6) for failure to state a claim.  <u>See</u> Defendant's Partial Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) and 12(b)(1), <u>Spadoni v.</u>

1

Easton Area School District, 07-5348 (E.D. Pa. filed Feb. 20, 2008) [hereinafter Motion to

Dismiss].  It also claims count III should also be dismissed under Rule 12(b)(1) for lack of

subject matter jurisdiction.  Id.  EASD does not challenge count IV.  For the following reasons, I

grant EASD's motion to dismiss counts I and II.

> Resolution of the motion to dismiss count III, however, raises more difficult issues.

Although the complaint does not allege sufficient facts to invoke subject matter jurisdiction,

Spadoni's reply brief alleges such facts.  Permitting Spadoni to amend the complaint to allege

subject matter jurisdiction, however, would be futile.  If Spadoni amends the complaint to allege

subject matter jurisdiction, count III would be subject to dismissal for failure to state a claim.

Therefore, I grant EASD's motion to dismiss count III for lack of subject matter jurisdiction and I

deny as moot EASD's motion to dismiss count III for failure to state a claim.  I will not permit

Spadoni leave to amend his complaint because amendment would be futile

## Discussion

> Under Rule 12(b)(6), all allegations in the complaint and all reasonable inferences that

can be drawn therefrom must be accepted as true and viewed in the light most favorable to the

nonmoving party.  DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007)

(citations omitted).  The "court may dismiss a complaint only if it is certain that no relief could

be granted under any set of facts that could be proved consistent with the allegations."  Brown v.

Card Service Center, 464 F.3d 450, 456 (3d Cir. 2006) (quoting Hishon v. King & Spalding, 467

U.S. 69, 73 (1984)).  A defendant bears the burden of showing no claim has been stated.  Gould

Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  A court need not, however, credit

a plaintiff's "bald assertions" or "legal conclusions."  DeBenedictis, 492 F.3d at 215.  "The issue

2

is not whether [the claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Register v. PNC Fin. Serv. Group, Inc., 477 F.3d 56, 61 (3d Cir. 2007) (citations omitted).

A.    Breach of Statute Count (Count I)

Count I of the complaint alleges breach of statute. Complaint at ¶ 11. Spadoni claims EASD failed to adopt and enforce a policy pursuant to section 11-1166.1 of the Pennsylvania Public School Code and Spadoni suffered injury and damages as a direct result. Id. at ¶¶ 11-14.

Section 11-1166.1, entitled leaves of absence for professional development, provides:

> A leave of absence for professional development shall be directly related to the professional responsibilities as determined by the board of school directors and shall be restricted to activities required by regulations of the State Board of Education and by the laws of this Commonwealth for a professional certificate or commission or to improve professional competency. All requests for a leave of absence for professional development shall be subject to review and authorization by the board of school directors, which shall have sole authority to adopt and enforce policy establishing the conditions for approval of such leaves. At a minimum for a half school term, a leave of absence for professional development shall consist of any of the following or a combination thereof: nine (9) graduate credits, twelve (12) undergraduate credits, one hundred eighty (180) hours of professional development activities. At a minimum for a full school term, a leave of absence for professional development shall consist of any of the following or a combination thereof: eighteen (18) graduate credits, twenty-four (24) undergraduate credits, three hundred sixty (360) hours of professional development activities.

24 Pa. Stat. Ann. 11-1166.1 (West Supp. 2007).

Although the board of school directors has "sole authority to adopt and enforce policy establishing the conditions for approval" of leave, see § 11-1166.1, the statute also delineates minimum course credit requirements for leaves of absence for professional development. Id.

3

Spadoni was on military leave[1] and does not allege he was engaged in an activity which resulted in course credit.  See Complaint at ¶ 13.  Therefore, even if EASD had an established policy to enforce § 11-1166.1 for leaves for professional development, Spadoni would not be entitled to leave under the section.  See § 11-1166.1; see also Lehman v. Cent. Dauphin Sch. Dist., 2000 WL 33687865, at *277 (Pa. Ct. C.P. 2000) (quoting the following remarks from a sponsor of the amendments to the Public School Code: "the bill now contains provision for a 'leave of absence for professional development' which must consist of undergraduate or graduate level course work or other studies that would be subject to approval of school boards.") rev'd Cent. Dauphin Sch. Dist. v. Lehman, 785 A.2d 181 (Pa. Commw. Ct. 2001) (table).

It is irrelevant that, as Spadoni claims, EASD granted leave on an ad hoc basis for issues unrelated to professional development.  See Plaintiff's Brief Contra Defendant's Partial Motion to Dismiss Plaintiff's Complaint at 4, Spadoni v. Easton Area Sch. Dist., 07-5348 (E.D. Pa. filed May 7, 2008) [hereinafter Plaintiff's Brief].  Because Spadoni's absence was unrelated to professional development, he cannot challenge EASD's application of § 11-1166.1 or its alleged failure to adopt a written policy to implement decisions under § 11-1166.1.

Spadoni is unable to allege he was injured as a result of EASD's alleged failure to establish and enforce a policy pursuant to § 11-1166.1 and, therefore, Spadoni could not receive relief under facts in his complaint.  See Brown, 464 F.3d at 456.

B.      Breach of Covenant of Good Faith and Fair Dealing Count (Count II)

Count II of the complaint alleges EASD breached the covenant of good faith and fair

---

[1] The Pennsylvania School Code §§ 11-1176 through 11-1182 address military leaves of absence.  24 Pa. Stat. Ann. 11-1176-11-1182.  Spadoni alleges no violation of those statutes.

dealing because EASD failed to establish and enforce a policy for leaves of absence.  Complaint at ¶ 15-18.  Pennsylvania does not recognize an independent cause of action for breach of the covenant of good faith and fair dealing.  Temple Univ. Hosp., Inc. v. Group Health, Inc., 2006 WL 146426, at *5 (E.D. Pa. Jan. 12, 2006) (Pratter, J.) (quoting Lyon Fin. Servs. v. Woodlake Imaging, LLC, 2005 WL 331695, at *8 (E.D. Pa. Feb. 9, 2005) (Diamond, J.)).  "There may be an express or implied covenant of good faith and fair dealing in any contract between the parties, but if so, its breach is a breach of contract rather than an independent breach of duty of good faith and fair dealing."  Temple Univ. Hosp. Inc., 2006 WL 146426, at *5 (quoting Engstrom v. John Nuveen & Co., 668 F. Supp. 953, 958 (E.D. Pa. 1987)).

Because breach of the covenant of good faith and fair dealing is a breach of contract action, a complaint must allege the proper elements of a breach of contract action to survive a motion to dismiss.  Temple Univ. Hosp., 2006 WL 146426, at *6 (citing McAllister v. Royal Carribean Cruises, Ltd., 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003) (Kauffman, J.)).  Spadoni was required to allege: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.  Temple Univ. Hosp., 2006 WL 146426, at *6.  His complaint fails to do so.  See Complaint.  Accordingly, "no relief [can] be granted under any set of facts consistent with the [complaint's] allegations."  See Brown, 464 F.3d at 456; Temple Univ. Hosp., 2006 WL 146426, at *6.  EASD's motion to dismiss count II of Spadoni's complaint is granted.

C.  Public Policy and Fair Dealing Count (Count III)

Count III of the complaint alleges EASD violated public policy and fair dealing.  See Complaint ¶ 19-21.  Spadoni claims EASD's alleged denial of Spadoni's earned benefits is a

5

result of Spadoni's military service, which violates public policy.  Id.  EASD moves to dismiss count III pursuant to Rules 12(b)(1) and 12(b)(6).  EASD's Rule 12(b)(1) motion to dismiss count III is granted and count III is dismissed for lack of subject matter jurisdiction.  EASD's Rule 12(b)(6) motion is denied as moot.

EASD moves to dismiss count III pursuant to Rule 12(b)(1) alleging the court lacks jurisdiction because the claim arises under a collective bargaining agreement.  See Motion to Dismiss at ¶¶ 13-16.  EASD claims Spadoni failed to exhaust the administrative remedies, and the court does not have jurisdiction over an issue arising under the agreement unless all administrative remedies are exhausted.  Motion to Dismiss at ¶¶ 14-17; Defendant's Brief in Support of Partial Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) and 12(b)(1) at 6, Spadoni v. Easton Area Sch. Dist., 07-05346 (E.D. Pa. filed Feb. 20, 2008) [hereinafter Defendant's Brief].

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a Rule 12(b)(6) motion to dismiss for failure to state a claim because a 12(b)(1) motion assesses the court's jurisdiction, whereas a 12(b)(6) motion assesses a claim's merits.  See Gould Elecs. Inc., 220 F.3d at 178.  When evaluating a Rule 12(b)(1) motion, the Court "must determine whether the motion attacks the complaint on its face or on its facts."  Urella v. Pa. State Troopers Ass'n, 2008 WL 1944069, at *3 (E.D. Pa. May 2, 2008) (DuBois, J.).  When filed before an answer to the complaint, a motion to dismiss is "necessarily a facial challenge."  Int'l Ass'n of Heat and Frost Insulator and Asbestos Workers v. A. Gallo Contractors, 2008 WL 942595, at *2 (E.D. Pa. Apr. 8, 2008) (O'Neill, J.).  When evaluating a facial challenge under Rule 12(b)(1), I must consider "the allegations of the complaint as true and make all reasonable inferences in

plaintiff's favor." Id. (citing Gould Elec., Inc., 220 F.3d at 176).  The plaintiff has the burden of persuasion, Gould Elec. Inc., 220 F.3d at 178, by establishing the complaint alleges "facts sufficient to invoke the court's jurisdiction." Cameron's Hardware, Inc. v. Independence Blue Cross, 2008 WL 1900591, at *2 (E.D. Pa. Apr. 25, 2008) (Sanchez, J.) (citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)).

If the complaint's allegations are insufficient but other evidence establishes the court has subject matter jurisdiction, the court may dismiss the claim with leave to amend the complaint to allege jurisdiction.  See Wright and Miller Federal Practice and Procedure, Civil 3d § 1350 (2004); see Srein v. Nat'l Legal Research Group, Inc., 2002 WL 31819638, at *2 (E.D. Pa. Dec. 16 (2002) (Shapiro, J.) (dismissing action without prejudice with leave to amend); Cinalli v. Kane, 191 F. Supp. 2d 601, 612 (E.D. Pa. 2002) (Joyner, J.) (dismissing claims without prejudice for lack of subject matter jurisdiction and granting plaintiff leave to file an amended complaint). Even if not requested by the party, leave to amend should be permitted "unless it would be inequitable or futile." Grayson v. Mayview St. Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see Davis v. Union Pacific Ry. Co., 224 Fed. Appx. 190, 192, 192 n.2 (3d Cir. 2007) (citing Grayson in a lack of subject matter jurisdiction dismissal).  An amendment would be futile where an amended complaint "would fail to state a claim upon which relief could be granted."  In re NAHC, Inc., Secur. Litig., 306 F.3d 1314, 1322 (3d Cir. 2002) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

Where a statute prescribed an administrative remedy, a trial court lacks jurisdiction until the administrative remedies are pursued.  Shumake v. Phila. Bd. of Educ., 685 A.2d 22, 24 (Pa. Super. Ct. 1996) (citing Cohen v. Temple Univ., 445 A.2d 179 (Pa. Super. Ct. 1982)).  The

Public Employee Relations Act provides mandatory arbitration of disputes or grievances arising

out of the interpretation of a collective bargaining agreement.  43 Pa. Stat. Ann. § 11.0.903.

Therefore, a court does not have jurisdiction over a lawsuit arising from a collective bargaining

agreement unless the plaintiff exhausted the administrative remedies under the bargaining

agreement.  See Shumake, 685 A.2d at 24 (citing Am. Tel. and Tel. v. Clifford, 593 A.2d 903,

905 (Pa. Super. Ct. 1991)).

      Although Spadoni's complaint does not address his obligations under a collective

bargaining agreement, see Complaint, he now claims he exhausted all mandatory administrative

remedies under the agreement.  See Plaintiff's Brief at 5.  Therefore, allegations outside the

pleadings, if credited, would establish the court's jurisdiction.

      Nevertheless, EASD's Rule 12(b)(1) motion is granted.  See Cameron's Hardware, Inc.,

2008 WL 1900591, at *2 (complaint must allege "facts sufficient to invoke the court's

jurisdiction").  Although a court will usually grant leave to amend the complaint where evidence

establishes the court will have subject matter jurisdiction after amendment, see Wright and Miller

Federal Practice and Procedure, Civil 3d § 1350; see Srein, 2002 WL 31819638, at *2, leave is

not granted because amendment would be futile.  See Grayson v. Mayview St. Hosp., 293 F.3d at

108.

      If Spadoni amends his complaint to allege subject matter jurisdiction claiming he

exhausted the administrative remedies under the collective bargaining agreement, EASD's

motion to dismiss for failure to state a claim would be granted.  EASD claims Spadoni's

violation of public policy and fair dealing count should be dismissed pursuant to Rule 12(b)(6)

because Spadoni is subject to a collective bargaining agreement and the public policy exception

8

in employment cases applies only to at-will employees.[2]  Defendant's Brief at 5-6.  Although

EASD relies on case law addressing wrongful discharge claims, see Defendant's Brief at 6 (citing

Darlington v. Gen. Elec., 504 A.2d 306, 318 (Pa. 1986)), the reasoning is equally applicable to

Spadoni's denial of benefits claim.  Spadoni has cited no contrary legal authority and I have

found none.

      An at-will employee can maintain a tort action for wrongful discharge without proper

cause, but an employee under a collective bargaining agreement cannot.  Harper v. Am. Red

Cross Blood Servs., 153 F. Supp. 2d 719, 721 (E.D. Pa. 2001) (Joyner, J.) (citing Phillips v.

Babcock & Wilcox, 503 A.2d 36, 38 (Pa. Super. Ct. 1986)).  The distinction acknowledges "a

union-represented employee, unlike an at-will employee" can contest adverse employment

actions "through the grievance procedure outlined in his collective bargaining agreement."  See

Harper, 153 F. Supp. 2d at 721 (citing Scott v. Sysco Food Servs of Phila., 1999 WL 554599, at

*1 (E.D. Pa. Jun. 18, 1999) (Bartle, J.)); accord Darlington, 504 A.2d at 318.  Similar to a

wrongful discharge, a denial of benefits is an adverse employment action subject to challenge

through a grievance procedure.

      If permitted to amend his complaint to allege subject matter jurisdiction, Spadoni would

---

    [2]  EASD relies on the collective bargaining agreement, a document currently outside the
pleading.  Defendant's Brief at 5-6.  Documents outside the pleadings cannot be considered
without converting a motion to dismiss into a summary judgment motion, see Fed. R. Civ. Proc.
12(d)., unless the document is "integral to or explicitly relied upon in the complaint."  See U.S.
Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat
Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)); accord In re Rockefeller Ctr Props., Inc.
Sec.Litig, 184 F.3d at 287.  Once Spadoni amends the complaint to allege subject matter
jurisdiction, the collective bargaining agreement will be "integral to or explicitly relied upon in
the complaint" and the court would be able to consider the document.  See See U.S. Express
Lines Ltd., 281 F.3d at 388.

9

claim he has exhausted his administrative remedies.  <u>See</u> Plaintiff's Brief at 5-6 (alleging he exhausted his administrative remedies).  Such a claim would result in dismissal of count III for failure to state a claim under Rule 12(b)(6) because an employee under a collective bargaining agreement is precluded from bringing a claim he could contest through the grievance procedure. <u>See</u> <u>Harper</u>, 153 F. Supp. 2d at 721.  Therefore, I dismiss count III pursuant to 12(b)(1) for lack of subject matter jurisdiction and deny leave to amend the complaint because amendment would be futile.  Accordingly, EASD's 12(b)(6) motion to dismiss count III is denied as moot.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY D. SPADONI            :      CIVIL ACTION
               Plaintiff,     :
                            :
          v.                :
                            :
EASTON AREA SCHOOL DISTRICT   :      NO. 07-5348
               Defendant.     :

**FILED**

MAY 2 3 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## <u>ORDER</u>

AND NOW, this 22nd day of May, 2008, upon careful consideration of the defendants'

motion to dismiss plaintiff's complaint, and plaintiff's response thereto, IT IS HEREBY

ORDERED that:

    1.  Defendants' motion to dismiss pursuant to Rule 12(b)(6) Count I of plaintiff's

complaint alleging breach of statute is GRANTED.

    2.  Defendant's motion to dismiss pursuant to Rule 12(b)(6) Count II of plaintiff's

complaint alleging breach of covenant of good faith and fair dealing is GRANTED.

    3.  Defendant's motion to dismiss pursuant to Rule 12(b)(1) Count III of plaintiff's

complaint alleging violation of public policy and fair dealing is GRANTED.

    4.  Defendant's motion to dismiss pursuant to Rule 12(b)(6) Count III of plaintiff's

complaint alleging violation of public policy and fair dealing claim is DENIED as moot.

5.  Defendants shall file an answer to Count IV within ten (10) days after notice of this order.  Fed. R. Civ. P. 12(a)(4).

6.  Parties shall contact chambers to schedule a pre-trial conference with twenty (20) days.

BY THE COURT:

HONORABLE TIMOTHY R. RICE
United States Magistrate Judge